IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LETA MARCISZ | ) | FILED: MARCH 30, 2009 |
| Plaintiff, | ) | 09CV1928 |
| | ) | JUDGE NORDBERG |
| v. | ) | MAGISTRATE JUDGE ASHMAN |
| | ) | CH |
| ESTATE RECOVERIES, INC., | ) | |
| Defendant. | ) | |

**COMPLAINT**

**INTRODUCTION**

1. Plaintiff, Leta Marcisz ("Leta"), brings this action to secure redress against the unlawful credit and collection practices engaged in by Defendant Estate Recoveries, Inc. ("Estate Recoveries"). Plaintiff alleges that Estate Recoveries' conduct violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq*.

2. Leta is an elderly widow whose deceased husband incurred a personal debt solely in his name that Estate Recoveries attempted to collect upon. Mr. Marcisz passed away in July 2008. Mr. Marcisz did not have an executed will at the time of death, and, after consulting with an attorney, a probate estate was not opened. Instead of respecting that Marcisz had no legal duty to pay her late husband's debt, Estate Recoveries sent letters and made multiple phone calls falsely stating that Mrs. Marcisz was responsible for the debt, thereby violating 15 U.S.C. §§ 1692e and 1692e(10).

3. Marcisz received a telephone call sometime during the week of January 5, 2009, from Estate Recoveries. The caller, who identified himself as "John," informed Ms. Marcisz that she owed the debt in question and must pay the full amount.

4. Defendant's telephone calls to Plaintiff were an attempt to collect a purported debt incurred by Mr. Marcisz for personal purposes.

5. Defendant also sent a letter directed to the Estate of John Marcisz c/o Leta Marcisz. The letter asked that, if there is an estate, to forward a Notice of Administration Form to the Defendant, and otherwise, meaning if there is no estate, to send all payments to Defendant. A copy of the letter sent to the Estate of John Marcisz c/o Leta Marcisz from Defendant is attached hereto as <u>Exhibit 1</u>.

6. The letter sent to Plaintiff was an attempt to collect a purported debt incurred by Mr. Marcisz for personal purposes.

7. This is not the only time Estate Recoveries has been accused of violating the FDCPA by implementing improper collection methods when seeking to collect debts from family members of deceased debtors. *See e.g. Paneth v. Estate Recoveries, Inc.*, 1:07 CV 04491, Dkt. 1, Complaint (E.D. N.Y. Oct. 26, 2007).

8. In fact, Estate Recoveries promotes itself as a "national collection organization and debt buyer, with a focus in deceased debt collection strategies." http://www.eri-strategies.com/content/about_us.

**JURISDICTION AND VENUE**

*9.* This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k (FDCPA).

10. Venue and personal jurisdiction over Estate Recoveries in this District is proper because:

    a. Leta Marcisz resides in the District;

  b. Estate Recoveries transacts business in the District via the use of the telephone and mail; and

  c. Estate Recoveries' collection activities occurred within the District.

## PARTIES

11. Marcisz is an individual who resides in the Northern District of Illinois.

12. Estate Recoveries is incorporated as a business in Maryland with offices located at: 5543 Harford Road, Baltimore, Maryland 21214 and 3885 S. Decatur Blvd., Las Vegas, Nevada 89103. Estate Recoveries' registered agent and its address in the State of Illinois is National Registered Agents, Inc., 200 W. Adams Street, Chicago, Illinois 60606.

13. Estate Recoveries is engaged in the business of collecting debts owed to others that are in default at the time its services are contracted for by its client creditors.

14. Estate Recoveries is a debt collector as defined in 15 U.S.C. § 1692a(6).

15. At all times relevant to this Complaint, Estate Recoveries acted as a "debt collector" as defined in 15 U.S.C. § 1692a(6) in regard to Marcisz.

## FACTS

16. Prior to his death in July 2008, Mr. Marcisz opened up a Menard's store credit card account with the last 4 digits 6359 that was ultimately owned by HSBC Bank, USA, N.A. (the "credit card").

17. Plaintiff Leta Marcisz was not an authorized user of credit card.

18. After Mr. Marcisz's passing, Leta inherited the home and a car as a result of joint tenancy and/or intestacy laws. Leta also received monies from an insurance policy.

19. Leta continued to make payments on the credit card for sometime before it

became economically unfeasible for her to make payments on the credit card's outstanding balance.

20. Leta's only source of income is Social Security Disability Benefits.

21. After Leta ceased making payments on this account, she has received both letters and telephone calls from Estate Recoveries.

22. Mrs. Marcisz received a telephone call from Estate Recoveries during the week of January 5, 2009.

23. During that telephone call, the agent of Estate Recoveries stated that Mrs. Marcisz was responsible for the debt.

24. Also during that telephone call, the agent of Estate Recoveries stated that payment in full was required.

25. Mrs. Marcisz also received a letter from Estate Recoveries dated January 6, 2009. Exhibit 1.

26. That letter stated that if there is not an estate, all payments are to be made to Estate Recoveries using the remittance slip at the bottom of the page.

27. The letter was addressed to the Estate of John Marcisz, c/o Leta Marcisz.

**COUNT I – FDCPA § 1692e VIOLATIONS**

28. Plaintiffs incorporate paragraphs 1-22 above.

29. 15 U.S.C § 1692e, in pertinent part, provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> * * *
>
> (2) The false representation of --

4

      (A) the character, amount, or legal status of any debt;

   * * *

  (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

30. Estate Recoveries violated 15 U.S.C. §§ 1692e, e(2)(A) and e(10).

**WHEREFORE** Plaintiff requests that Honorable Court enter judgment in her favor for:

 A) For statutory damages as the court may allow up to $1,000 under § 1692k(a)(2) against Defendant Estate Recoveries;

 B) Attorney's fess, litigation expenses and costs of suit; and

 C) Such other relief as the Court deems proper.

      Respectfully submitted,

      <u>s/ Laura K. Bautista</u>
       Laura K. Bautista

Laura K. Bautista
The Chicago Legal Clinic, Inc.
205 W. Monroe, Suite 401
Chicago, IL 60606
(312) 726-2938 (TEL)
(312) 603-9986 (FAX)
*Lead Counsel for Plaintiff*


Curtis C. Warner
WARNER LAW FIRM, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 737
Chicago, Illinois 60601
(312) 238-9820 (TEL)
cwarner@warnerlawllc.com
*Co-Counsel for Plaintiff*

**NOTICE OF ASSIGNMENT**

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

                Respectfully submitted,

                s/ Laura K. Bautista
                   Laura K. Bautista